IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO:

Mercedalia Hernández García, Mirelda )
García Dominguez, Mareli Cupil Zapata, )
María Zapata Arias, Yaimi Cupil Zapata, )
and Juan Cupil Arias, individually and on )
behalf of themselves and all others similarly )
situated )
)
)
Plaintiffs )
)
)
v. ) COMPLAINT
)
)
Frog Island Seafood, Inc. )
Robert D. White, and Janice White Harris )
)
Defendants )
_____)

## PRELIMINARY STATEMENT

1. Plaintiffs are former employees of defendants who were recruited in Mexico to work in defendants' North Carolina seafood processing plant. They bring this action individually and on behalf of themselves and all other similarly situated employees of the defendants, pursuant to the statutory collective action procedure authorized by 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), to secure their unpaid minimum wages. Plaintiffs also seek to bring an individual action under the North Carolina Wage and Hour Act (NCWHA), N.C.Gen. Stat. §§ 95-25.6, 95-25.8 and 95-25.22 for back wages and liquidated damages and a class action for one class and one subclass of workers under Rule 23(b)(3), Fed.R.Civ.P., for back wages and liquidated damages pursuant to the North Carolina Wage and Hour Act, N.C.G.S. §§ 95-25.6,

95-25.8 and 95-25.22. Defendants are a seafood processing company and its corporate President and Secretary/Treasurer, located in Barco, Currituck County, North Carolina.

2. Based on their claims under 29 U.S.C. § 206 of the Fair Labor Standards Act and N.C.G.S. §§ 95-25.6, 95-25.8 and 95-25.22, plaintiffs seek payment of back wages and an equal amount of liquidated damages, attorney fees, and costs under 29 U.S.C. § 216(b) and N.C.G.S. §§ 95-25.22(a), (a1), and (d). .

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (interstate commerce), 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

## PARTIES

4. Plaintiffs were employed by defendants within the meaning of 29 U.S.C. §§ 203(d) and (m) for varying periods of time in 2005 and 2006. Plaintiffs were employed by defendants within the meaning of N.C.G.S. §§ 95-25.2(3) and (4) for varying periods of time in 2005 and 2006.

5. During the periods of their employment by defendants as seafood processing workers, plaintiffs and other similarly situated employees of defendants were employed by the defendants when they were engaged in the production of goods for interstate commerce or as part of an enterprise of the defendants that was engaged in interstate commerce.

6. Mercedalia Hernández García traveled to North Carolina from Mexico to work for Frog Island Seafood (FIS) in 2005 and 2006 pursuant to an H2B visa. 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

7. Mirelda García Dominguez traveled to North Carolina from Mexico to work for Frog Island Seafood (FIS) in 2005 and 2006 pursuant to an H2B visa. 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

8. Mareli Cupil Zapata traveled to North Carolina from Mexico to work for Frog Island Seafood (FIS) in 2005 and 2006 pursuant to an H2B visa. 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

9. María Zapata Arias traveled to North Carolina from Mexico to work for Frog Island Seafood (FIS) in 2005 and 2006 pursuant to an H2B visa. 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

10. Yaimi Cupil Zapata traveled to North Carolina from Mexico to work for Frog Island Seafood (FIS) in 2005 and 2006 pursuant to an H2B visa. 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

11. Juan Cupil Arias traveled to North Carolina from Mexico in 2005 and 2006 to work for the defendants pursuant to an H2B visa. 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

12. At all times relevant to this Complaint, defendant Frog Island Seafood, Inc. was and is a seafood processing corporation organized under the laws of the state of North Carolina and was and is engaged in the production of goods for interstate commerce or was an enterprise engaged in interstate commerce with its principal place of business in Barco, Currituck County, North Carolina.

13. At all times relevant to this Complaint, defendant Frog Island Seafood, Inc. was and is the employer of plaintiffs and other employees similarly situated to plaintiffs within the meaning of 29 U.S.C. §§203(d) and 216(b) and N.C.G.S. §§ 95-25.2(3) and (4), and of the two classes and one subclass of workers defined in ¶¶ 39-42 and 43-45 of this Complaint.

14. Based on information and belief, at all times relevant to this Complaint, defendant Robert D. White was and is the President of Frog Island Seafood, Inc. and was and is the employer of plaintiffs and other employees similarly situated to plaintiffs, and of the two classes and one subclass of workers defined in ¶¶ 39-42 and 43-45 of this Complaint within the meaning of 29 U.S.C. §§203(d) and 216(b) and N.C.G.S. §§ 95-25.2(3) and (4). At all times relevant to this action, Mr. White exercised, and will exercise, the authority to direct, control, and/or supervise the work of the named plaintiffs and the two classes and one subclass of workers.

15. Based on information and belief, at all times relevant to this Complaint, defendant Janice White Harris was and is the Secretary/Treasurer of Frog Island Seafood, Inc., and was and is the employer of plaintiffs and other employees similarly situated to plaintiffs, and of the classes and subclass of workers within the meaning of 29 U.S.C. §§203(d) and 216(b) and N.C.G.S. §§ 95-25.2(3) and (4). At all times relevant to this action, Ms. Harris exercised, and will exercise, the authority to direct, control, and/or supervise the work of the named plaintiffs and the two classes and sub class of workers.

16. Based on information and belief, as of October 9, 2006, Ms. Shirley White is and has been the registered agent for service of process upon Frog Island Seafood, Inc.

## FACTUAL ALLEGATIONS

17. In the spring preceding their employment by the defendants, plaintiffs and the members of the two classes and one subclass they seek to represent, as defined in ¶¶ 39-42 and 43-45, were recruited in their home villages in Mexico by agents of the defendants to come to North Carolina to engage in seafood processing work as migrant workers.

4

18. The named plaintiffs and the members of the two plaintiff classes and one subclass were required to pay for passports and visas to come to the United States to engage in this work under a temporary foreign worker program authorized under the Immigration and Nationality Act, known as the "H2B program." 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

19. Plaintiffs and all plaintiff class members were also required to pay for transportation from their home villages to North Carolina as a condition of employment under the H2B program.

20. Plaintiffs and all plaintiff class members were required to pay for fees to cross the U.S.-Mexico border as a condition of employment under the H2B program.

21. The charges for visa, passport, transportation, and border crossing expenses described in ¶¶18-20 were an incident of and necessary to the defendants' employment of plaintiffs and each member of the plaintiff classes. The visas, passports and transportation of workers to the United States and the employees' border crossing fees were primarily for the benefit or convenience of defendants.

22. At no time did defendants reimburse plaintiffs or plaintiff class members for the visa application or issuance fees, passport fees, transportation costs, or border crossing fees.

23. Plaintiffs and all the plaintiff class members they seek to represent had an express, constructive, or implied agreement that the defendants would pay them wages at the rate required by any applicable federal and/or state law when those wages were due for each hour or part of an hour that the plaintiffs and that class performed compensable work under the FLSA and/or the NCWHA for the defendants at the rate required by any applicable federal and/or state law.

24. As a result of defendants' failure to reimburse plaintiffs and plaintiff class members for the transportation, passport, border crossing, and visa costs as referred to in ¶ 22, during the first workweek, the plaintiffs and plaintiff class members were not paid all of their wages when due at

5

the wage rate that the defendants had agreed to pay them during the first workweek they were employed.

26. Plaintiffs and the members of the two plaintiff classes and one subclass were employed in defendants' facility processing crabs and other seafood items for defendants. Plaintiffs and all the plaintiff class members they seek to represent worked for defendants in the Frog Island Seafood, Inc. plant beginning on or about April 2005.

26. Plaintiffs and the members of the two plaintiff classes and one subclass were typically paid piece rate wages based on the number of pounds of crabmeat they removed from the crabs. However, some class members may have at times been paid a flat hourly rate.

27. Upon information and belief, defendants suffered, allowed or permitted plaintiffs and members of the two plaintiff classes and one subclass to work for substantial periods of time, when the crab meat they were picking was not recorded by defendants as compensable because of the use of a weighing and/or recording system that regularly and systematically failed to record some amount of crab meat picked by the plaintiffs and the class members.

28. Upon information and belief, the failure by defendants to record all crab meat picked by plaintiffs and the FLSA and NCWHA plaintiff classes and NCWHA plaintiff subclass members resulted in a reduction of plaintiffs' and plaintiff class members' wages below the promised wage rate required by the NCWHA and below the minimum wage rate required by the FLSA.

29. Upon information and belief, while employed by defendants, plaintiffs and the members of all the classes and subclass who were recruited with them in Mexico lived in housing furnished or operated by the defendants.

6

30. Upon information and belief, at all times relevant to this lawsuit, the housing did not meet applicable federal and state standards. Upon information and belief, violations included, but were not limited to, the following:

- The water supplied to the housing for drinking, cooking, bathing, and laundry purposes was not approved by the appropriate health authority prior to occupancy;

- The housing was not registered with the North Carolina Department of Labor or the U.S. Department of Labor prior to occupancy.

31. Plaintiffs and members of the two plaintiff classes who lived in the housing, paid defendants for that housing. Upon information and belief, the amount of the rent payments for this housing exceeded the actual or reasonable cost to defendants for furnishing the housing to plaintiffs and the members of the plaintiff classes and such charge included a profit to defendants.

32. Defendants paid plaintiffs and the members of the twh plaintiff classes in cash on a weekly basis. Upon information and belief, plaintiffs and the members of the two plaintiff classes paid the charges for rent by immediately turning over a portion of their cash wages to defendants.

33. Defendants did not pay plaintiffs and the members of the two plaintiff classes their wages "free and clear" because they required that plaintiffs and the members of the two plaintiff classes to "kick back" part of their wages for the benefit of the defendants to pay for rent.

34. Upon information and belief, in some instances the weekly total for the rent referred to in ¶¶ 31-33 resulted in a reduction of the wages paid free and clear to plaintiffs and

7

members of the plaintiff classes to an amount or rate below the minimum wage rate required by the Fair Labor Standards Act and/or the promised rate required by the NCWHA.

35. The defendants made wage deductions from the wages owed to the named plaintiffs and the members of the two plaintiff classes of persons for supplies and services that were primarily for the convenience of the defendants. Those supplies and services included the costs of knives used in the course of employment. Upon information and belief, those supplies and services also included the costs of aprons used in the course of employment.

36. Upon information and belief, in some instances the weekly total for the wage deductions referred to in ¶¶ 34-35 above resulted in a reduction of the wages paid to plaintiffs and members of the FLSA plaintiff class and NCWHA plaintiff class below the minimum wage rate required by the Fair Labor Standards Act, 29 U.S.C. § 203(m), and below the promised rate required by the NCWHA.

37. Upon information and belief, in some instances, defendants failed to pay the return transportation costs of workers whom they terminated prior to the end of the contract period.

38. Upon information and belief, defendants did not maintain any accurate payroll records with respect to the defendants' employment of plaintiffs and each similarly situated person as defined in ¶¶ 39-42 and 43-45 of this Complaint with respect to compensable work time performed in each of those work weeks when the defendants suffered, allowed and/or required plaintiffs and each similarly situated person to work for the substantial periods of time described in ¶¶ 27-28.

## FAIR LABOR STANDARDS ACT (FLSA) COLLECTIVE ACTION ALLEGATIONS

39. The named plaintiffs seek to bring their claims under the Fair Labor Standards Act on behalf of themselves individually, and all other similarly situated employees of one or more of the defendants who worked in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b). ("FLSA plaintiff class"). They seek unpaid minimum wages and liquidated damages.

40. Plaintiffs and the members of the FLSA plaintiff class are similarly situated. Plaintiffs and other class members came to work for defendants as "H2B" workers in 2005 and 2006 pursuant to a visa issued under 8 U.S.C. § 1101(a)(15)(H)(ii)(b). Plaintiffs and other FLSA plaintiff class members worked in defendants' facility processing seafood. Plaintiffs were paid hourly wages and/or piece rate wages based on the number of pounds of seafood they removed from the crabs.

41. The plaintiffs and the statutory class they seek to represent under 29 U.S.C. §216(b) were each paid wages less than those required by 29 U.S.C. § 206(a) during the first workweek in 2005 and 2006 that they were employed by one or more of the defendants. All plaintiffs and other FLSA class members who traveled from Mexico to work in defendants' plant were required to pay for travel, visa, passport, and border crossing expenses. These expenses, which were for the benefit of the defendants, reduced plaintiffs and other statutory class members' wages during the first workweek below the minimum wage required by the FLSA.

42. The plaintiffs and the statutory class they seek to represent under 29 U.S.C. §216(b) were also each paid wages less than those required by 29 U.S.C. §§206(a) during certain

9

pay periods in 2005 and 2006 that they were employed by one or more of the defendants. This failure occurred when defendants made unlawful deductions from plaintiffs' and the class members' pay, and/or made charges for rent which exceeded the reasonable cost of that rent. All plaintiffs and other FLSA plaintiff class members who live or lived in defendants' housing paid rent to defendants. All plaintiffs and other FLSA plaintiff class members who used tools or required supplies in the course of their employment with defendants had deductions made from their wages for those tools and/or supplies.

## RULE 23(b)(3) CLASS ACTION ALLEGATIONS

43. The named plaintiffs also seek to represent a class of persons under Rule 23(b)(3), N.C.R.Civ.P., for back wages, unauthorized wage deductions and liquidated damages under N.C.Gen.Stat. §§95-25.6, 95-25.8, 95-25.22, and 95-25.22(a1) ("NCWHA plaintiff class"). The NCWHA plaintiff class consisting of all non-supervisory workers who were, are and/or shall be jointly or severally employed by defendants at any time during the two chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action, who performed and/or shall perform any work for defendants in the first workweek after that worker arrived and/or shall arrive in North Carolina pursuant to a labor certification and visa issued to the defendants and those workers under 8 U.S.C. § 1101(a)(15)(H)(ii)(b), and who did not receive their wages when they were due.

44. These NCWHA violations occurred when the defendants failed to reimburse the named plaintiffs and members of the NCWHA plaintiff class for their transportation, visa, passport, and border crossing costs during the first workweek. Said violations also occurred as a result of any wage deduction made by defendants from the weekly wages due the plaintiffs and NCWHA plaintiff class members when that plaintiff and plaintiff class member had not signed a

10

written authorization giving defendants permission to make that deduction, as required by N.C.G.S. § 95-25.8.

45. This NCWHA class includes a subclass that the named plaintiffs also seek to represent under Rule 23(b)(3), Fed.R.Civ.P, for back wages and liquidated damages under N.C.G.S. §§ 95-25.6, 95-25.8 and 95-25.22 ("NCWHA unpaid wage subclass"), consisting of all non-supervisory employees of defendants who were employed by defendants for any pay period falling within the two chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action who did not receive all of their wages when those wages were due under an express, constructive, or implied agreement to pay those wages at those rates for all work performed for the defendants. This violation occurred when the defendants failed to compensate the named plaintiffs and members of the NCWHA unpaid wage subclass for each pound of crab meat picked through the use of an inaccurate weighing and/or recording system.

46. Upon information and belief, the NCWHA plaintiff class defined above consists of in excess of sixty (60) persons, with the NCWHA unpaid wage subclass consisting of at least twenty (20) persons. Joinder of all class members for each class and subclass would be impracticable, if not impossible, based in part upon the fact that many of the class and subclass members who are former employees of defendants are migrant workers whose permanent place of residence is in Mexico, and who do not speak English.

47. The questions of law or fact which are common to the members of the NCWHA plaintiff class and which predominate over any other questions affecting only individual members of the class under Rules 23(a)(2) and 23(b)(3), Fed.R.Civ.P., are a) whether the defendants failed to pay the named plaintiffs and the class members all the wages they had

11

Case 2:06-cv-00046-F    Document 1    Filed 12/19/06    Page 11 of 17

agreed to pay when those wages were due for each hour or part of an hour in the first workweek that each such worker was employed by the defendants, when the defendants failed to reimburse the named plaintiffs and each class member for the transportation, passport, and visa expenses and fees required by the H2B program, b) whether the transportation, passport, visa, and border crossing expenses and fees that the named plaintiffs and the other NCWHA plaintiff class members paid were primarily for the benefit of the defendants, c). whether the defendants failed to pay wages when due based upon the defendants' failure to obtain a written authorization from the named plaintiffs and each NCWHA plaintiff class member in the form required by N.C.G.S. §95-25.8, and d) whether the authorization method, if any, used by the defendants complied with the requirements of N.C.G.S. §95-25.8.

48. The questions of law or fact which are common to the members of the NCWHA unpaid wage subclass and which predominate over any other questions affecting only individual members of this subclass under Rules 23(a)(2) and 23(b)(3), Fed.R.Civ.P., are whether the defendants complied with their agreement to pay the named plaintiffs and the class members in accordance with N.C.G.S. § 95-25.6 for all work they performed for defendants in every work week and whether the defendants failed to compensate the named plaintiffs and the subclass members at the agreed-upon rate, when defendants used an inaccurate system to weigh and/or record the number of pounds of crabmeat picked by plaintiffs and members of the NCWHA plaintiff subclass.

49. The claims of plaintiffs who seek to represent the NCWHA plaintiff class are typical of the claims of that class of persons under Rule 23(a)(3), Fed.R.Civ.P. in that the plaintiffs claim defendants failed to reimburse class members for the costs they incurred for their visas, passport, border crossing fees, and transportation from Mexico to North Carolina when those

costs were primarily for the benefit of the employer, and these costs reduced NCWHA plaintiff class members' wages during the first workweek below the wages which were promised. In addition, the plaintiffs claim defendants made weekly wage deductions from the wages due each plaintiff and plaintiff class member when these plaintiffs and plaintiff class members had not provided any signed written authorization to defendants in the form required by N.C.G.S. § 95-25.8 authorizing defendants to make any wage deduction from the weekly wages they were due for the housing or work-related supplies that defendants furnished to plaintiffs and plaintiff class members during the time period that they were employed by defendants.

50. The claims of the plaintiffs who seek to represent the NCWHA unpaid wage subclass are typical of the claims of that subclass of persons under Rules 23(a)(3) and 23(b)(3), Fed.R.Civ.P,. in that plaintiffs claim the defendants failed to comply with their agreement to pay wages when due to plaintiffs and the subclass members at the promised rate for work performed for the defendants, through the use of the an inaccurate weighing and/or recording system to record the pounds of crab meat that the named plaintiffs and those same class members picked for the defendants.

51. Plaintiffs will fairly and adequately represent the interests of the NCWHA plaintiff class and subclass of persons defined in ¶¶ 43-45 above of the Complaint. The undersigned counsel are experienced litigators. Ms. Brooke, and Mr. Holtzman have each been named counsel for many class actions, and Ms. Tejada has been counsel for several wage and hour actions with multiple plaintiffs.

## FIRST CLAIM FOR RELIEF (FLSA)

52. Paragraphs 1 through 51 above are realleged and incorporated by reference by the named plaintiffs and each member of the collective action described in ¶¶ 39-42 which plaintiffs seek to represent pursuant to 29 U.S.C. §216(b).

53. Defendants failed to pay plaintiffs and the members of the statutory class at least the required federal minimum wage for each hour or part of an hour that they worked in each workweek, in violation of 29 U.S.C. §206.

54. Defendants made unlawful wage deductions from plaintiffs and the members of the statutory class which resulted in payment of wages at a rate or in an amount less than the minimum wage rates required by the FLSA.

55. Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the Fair Labor Standards Act and its accompanying regulations.

56. As a result of defendants' actions, plaintiffs and the class of similarly situated persons defined in ¶¶ 39-42 have suffered damages in the form of unpaid wages and liquidated damages that may be recovered from defendants, jointly and severally, under 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (NC WAGE AND HOUR ACT)

57. Paragraphs 1 through 51 above are realleged and incorporated by reference by plaintiffs and the class and subclass defined in ¶¶ 43-45 above which plaintiffs seeks to represent.

58. Defendants failed to reimburse the named plaintiffs and members of the NCWHA plaintiff class for their transportation, visa, passport, and border crossing costs during the first workweek.

59. Defendants made weekly wage deductions from the wages that were due plaintiffs and the plaintiff classes for housing and work-related equipment when defendants had not obtained the written authorization required by N.C.G.S. § 95-25.8.

60. Defendants did not pay all wages due when those wages were due to plaintiffs and the plaintiff class for compensable work time that the defendants allowed, suffered, and/or required plaintiffs and the plaintiff class members to work for defendants.

61. As a result of these actions of the defendants in violation of the rights under N.C.G.S. §§95-25.6 and 95-25.8(2), plaintiffs and the class and subclass they seek to represent have suffered damages in the form of unpaid wages that may be recovered from defendants, jointly and severally, under N.C.G.S. § 95-25.22(a).

## DEMAND FOR A JURY TRIAL

62. Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray that this Court:

1. Enter an order finding that this Court has jurisdiction over plaintiffs' claims;

2. Certify this action as a collective action under 29 U.S.C. § 216(b) with respect to the FLSA plaintiff class defined in ¶¶39-42 of this Complaint;

3. Certify this action as a class action under Rule 23(b)(3), Fed.R.Civ.P. for back wages and liquidated damages under N.C.G.S. § 95-25.22 with respect to the NCWHA plaintiff class and NCWHA unpaid wage subclass defined in ¶ 43-45 ;

4. Enter a judgment against defendants Frog Island Seafood, Inc., Robert D. White, and Janice White Harris, jointly and severally, and in favor of each of the named plaintiffs and all other similarly situated employees of defendants described in ¶¶39-42 above

15

of this Complaint for compensatory damages under the First Claim for Relief in an amount equal to the total of the unpaid minimum wages and unlawful wage deductions due each of the named plaintiffs and each of those other similarly situated employees of defendants under 29 U.S.C. § 206(a)(1), plus an equal amount as liquidated damages under 29 U.S.C. § 216(b);

5. Enter judgment against defendants Frog Island Seafood, Inc., Robert D. White, and Janice White Harris, jointly and severally, and in favor of plaintiffs and the class of persons defined in ¶¶ 43-45 above of this Complaint for compensatory damages under the Second Claim for Relief in an amount equal to the total of the unpaid wages and unauthorized wage deductions due plaintiffs and the class and subclass of workers under N.C.G.S. §§ 95-24.22(a), plus an equal additional amount as liquidated damages under N.C.G.S. § 95-25.22(a)(1) plus interest in the manner and at the rate prescribed in N.C.G.S. § 95-25.22(a);

6. Award plaintiffs the costs of this action against defendants Frog Island Seafood, Inc., Robert D. White, and Janice White Harris, jointly and severally;

7. Award plaintiffs reasonable attorneys fees under 29 U.S.C. § 216(b), N.C.G.S. § 95-25.22(d), and N.C.G.S. § 95-243 against defendants Frog Island Seafood, Inc., Robert D. White, and Janice White Harris, jointly and severally;

8. Award against Frog Island Seafood, Inc., Robert D. White, and Janice White Harris, jointly and severally, and in favor of the plaintiffs and the two classes and one subclass of workers that they seek to represent, prejudgment and post judgment interest as allowed by law; and

9. Grant such other relief as the Court may deem just and proper.

This the 19th day of December, 2006.

                          Respectfully submitted,

NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC 27611
(919) 856-2165
(919) 856-2175 (fax)

BY:   /s/ Carol L. Brooke
       Carol L. Brooke
       carol@ncjustice.org
       Attorney at Law
       NC Bar # 29126


       /s/ Jack Holtzman
       Jack Holtzman
       jack@ncjustice.org
       Attorney at Law
       NC Bar # 13548

SCUDDER & HEDRICK

5104-D Western Blvd.
Raleigh, N.C. 27606
(919) 851-3311
(919) 851-3577 (fax)

BY:   /s/ Alice Tejada
       Alice Tejada
       atejada@bellsouth.net
       Attorney at Law
       NC Bar # 23909